UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REPUBLIC METALS REFINING | ) | |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY
OF INTERIM AND FINAL ORDERS DIRECTING THAT CERTAIN ORDERS
IN THE CHAPTER 11 CASES OF REPUBLIC METALS REFINING
CORPORATION, *ET AL.* APPLY TO ABOVE-CAPTIONED CASES**

Upon the motion (the "Motion")[2] of the Republic Metals Refining Corporation and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of a final order (the "Interim Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing that (i) the Entered Orders, (ii) any Final Orders on First Day Motions, and (iii) any orders on Second Day Pleadings are made applicable to the Additional Debtors, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion or the First Day Declaration, as applicable.

47015732;2

Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, its creditors, and other parties-in-interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration, and the Court having heard the statements in support of the relief requested in the Motion at a hearing before the Court on December 18, 2018 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. The Motion is GRANTED, on a final basis, as set forth herein.

2. The following orders entered in the Original Debtors' chapter 11 case are hereby made applicable to the Additional Debtors as if the Additional Debtors were debtors defined and referred to in the following orders entered by the Court in the Original Case:

   a. *Order Directing Joint Administration of Related Chapter 11 Cases* [Dkt. No. 44];

   b. *Order Authorizing Debtors to (A) Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix and (B) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (II) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases, and (III) Granting Related Relief* [Dkt. No. 45];

   c. *Interim Order (I) Authorizing the Debtors to, in the Ordinary Course, Use Cash Management System Bank Accounts and Business Forms, (II) Authorizing Banks and Financial Institutions to Honor and Process All Related Check and Electronic Payment Requests, and (III) Granting Related Relief* [Dkt. No. 46];

47015732;2

    d. *Interim Order (I) Authorizing Debtors to (A) Pay Pre-Petition Wages and other Compensation and Employee Benefits, and (B) Continue Existing Employee Benefit Plans and Programs, (II) Authorizing Banks and Financial Institutions to Pay All Checks and Electronic Payment Requests, and (III) Approving Debtors' Discretionary Employee Incentive Programs* [Dkt. No. 47];

    e. *Interim Order Authorizing (I) the Debtors to Pay Certain Prepetition Taxes, (II) Banks to Honor and Process Related Checks and Transfers, and (III) Setting a Final Hearing* [Dkt. No. 48];

    f. *Order Granting Debtors' Emergency Motion for an Order Approving the Form and Manner of Notice of the Case to Creditors and Parties in Interest* [Dkt. No. 49];

    g. *Order (I) Approving Retention of Donlin, Recano, & Company, Inc. as Claims and Noticing Agent to Debtors, Effective Nunc Pro Tunc to Petition Date, and (II) Granting Related Relief* [Dkt. No. 50];

    h. *Order Granting Debtors' Emergency Motion for Entry of an Order Granting an Extension of Time to File Statements and Schedules* [Dkt. No. 51];

    i. *Order (I) Authorizing, But Not Directing, Debtors to (A) Maintain Existing Insurance Programs and Existing Insurance Premium Financing Agreement, and (B) Fund All Obligations in Respect Thereof, and (II) Granting Related Relief* [Dkt. No. 52];

    j. *Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Dkt. No. 54]; and

    k. *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Dkt. No. 55].

3.     To the extent the Court enters Final Orders on the First Day Motions, those Final Orders shall be made applicable to the Additional Debtors.

4.     To the extent any Orders are entered on the following Second Day Pleadings prior to entry of this Order, those Orders shall be made applicable to the Additional Debtors:

    a. *Application of Debtors Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authorization to (A) Employ and Retain Paladin Management Group, LLC to Serve as Financial Advisor for the Debtors and to Provide the Debtors a Chief Restructuring Officer, and (B) to Designate Scott Avila as the Chief Restructuring Officer of the Debtors as of the Effective Date* [Dkt. No. 58];

3

47015732;2

    b. *Application of the Debtors Authorizing Employment and Retention of Akerman LLP as Counsel for the Debtors Nunc Pro Tunc to the Petition Date* [Dkt. No. 59]; and

    c. *Application of Debtors to Retain SSG Advisors, LLC Pursuant to 11 U.S.C. § 327 and 328 to Provide Investment Banking Services to the Debtors* [Dkt. No. 60] and *Supplement to Application of Debtors to Retain SSG Advisors, LLC Pursuant to 11 U.S.C. § 327 and 328 to Provide Investment Banking Services to the Debtors* [Dkt. No. 90].

5. Entry of this Order is necessary to avoid immediate and irreparable harm. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

6. Adequate notice of the Motion has been provided. Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

7. Notwithstanding Bankruptcy Rules 6004(h), 7062, and 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       December 21, 2018

                                        ***/s/ Sean H. Lane***
                                        United States Bankruptcy Judge